Case No. 23-60191

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

DEBORAH STRICKLAND

*Plaintiff - Appellant*

v.

ROBERT WILKIE;
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

*Defendants - Appellees*

_____

On Appeal from the United States District Court, Southern District of
Mississippi,  3:18-CV-750-HTW-LGI, Judge Henry T. Wingate, Presiding

_____

## REPLY BRIEF FOR APPELLANT

_____


Joel F. Dillard
JOEL F. DILLARD, P.A.
775 North Congress Street
Jackson, Mississippi 39202
(601) 509-1372, ext. 2

*Counsel for Deborah Strickland*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................. **i**

**TABLE OF AUTHORITIES**..........................................................**ii**

**REPLY ARGUMENT**.................................................................. **1**

    I. Issue 1: MSPB failure to review the "entire decision"........................... 2

    II. Waiver concerning Issue 2 and (part of) 3............................................ 4

        A. The Agency's waiver arguments were not preserved for appeal...... 4

        B. The Agency's argument for waiver should be rejected.................... 5

        C. Waiver of pure legal issues is discretionary.................................... 7

    III. Issue 2: The "preponderance of the evidence" standard.................... 8

    IV. Issue 3: The Douglas factors.................................................... 9

    V. Issue 4: The untimely decision.................................................... 9

    VI. Issue 5: Due process.............................................................. 11

    VII. Issue 6: The affirmative defense............................................12

**CONCLUSION**...........................................................................**14**

**CERTIFICATE OF SERVICE**......................................................**15**

**CERTIFICATE OF COMPLIANCE**..............................................**16**

**CERTIFICATE OF ELECTRONIC COMPLIANCE**........................**17**

i

# TABLE OF AUTHORITIES

**Cases**

*Brenner v. VA*, 990 F. 3d 1313 (Fed. Cir. 2021)                    9

*Bryant v. VA*, 26 F. 4th 1344 (Fed. Cir. 2022)                    8-9

*Clark v. USPS*, 85 MSPR 162 (2000)                    12

*Connor v. VA*, 8 F.4th 1319 (Fed. Cir. 2021)                    7, 9

*Diaz v. Department of Air Force*, 63 F. 3d 1107 (Fed. Cir. 1995)                    10

*Douglas v. VA*, 5 MSPR 280 (1981)                    1

*Ekhlassi v. Nat. Lloyds Ins. Co.*, 926 F. 3d 130 (5th Cir. 2019)                    7

*Ford v. Dept. of Navy*, 43 MSPR 495, 500 (1990)                    6

*In re Frazier*, 1 MSPR 163, 192 (1979)                    5

*Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir. 1989)                    4

*Givens v. USPS*, 49 MSPR 374 (1991)                    12

*La Union del Pueblo Entero v. Abbott*, 29 F. 4th 299 (5th Cir. 2022)                    5

*Melnick v. DHUD*, 42 MSPR 93 (1989)                    5

*Page v. MSPB*, No. 2020-1329, (Fed. Cir., Nov. 6, 2020)                    9

*Rodriguez v. VA*, 8 F.4th 1290 (Fed. Cir. 2021)                    7-8

*Sayers v. VA*, 954 F. 3d 1370 (Fed. Cir. 2020)                    1-3

*Tercero v. Tex. Southmost Col. Dist.*, 989 F.3d 291 (5th Cir. 2021)                    5

**Statutes, Rules, and Constitutional Provisions**

5 U.S.C. § 4303(c)(1)                    10

38 U.S.C. § 714                    8, 10

## REPLY ARGUMENT

Strickland's brief raises six issues.[1] The Agency has made waiver arguments as to "three (3) issues." Red Br. at 17. Although, as shown below, the waiver arguments lack merit, it is important at the outset to clarify what those arguments cover. The Agency claims that Issue 2, part of Issue 3, and Issue 6 have been waived.[2] No other waiver argument is presented.

There is no dispute that Issue 1 - the *Sayers* error - is properly presented on appeal. The same is true for the MSPB's legal error in failing to consider the *Douglas* factors. (Issue 3 part 2). It is undisputed that these

---

[1] These are as follows, for ease of reference:

1. Whether the Merit Systems Protection Board committed legal error when it failed to review the entire discipline, taking no evidence and giving no consideration to Charge 1, Charge 2 or the penalty.
2. Whether it was legal error for the VA deciding official to review the proposal for "substantial evidence" rather than determining misconduct was committed by a preponderance of the evidence.
3. Whether it was legal error for the VA deciding official and the MSPB to issue a decision without considering or articulating any analysis of the *Douglas* factors.
4. Whether it was a denial of due process for the VA to prevent the deciding official from hearing Strickland's exculpatory information.
5. Whether it was legal error for the VA to issue the final decision late.
6. Whether the MSPB committed legal error by adopting an erroneously restrictive interpretation of the law governing the affirmative defenses of discrimination and retaliation, and enforcing that restrictive interpretation to keep out the probative evidence supporting these defenses.

[2] The Agency argues Issue 2 was waived because it was not raised to the MSPB or district court. The Agency argues that one subpart of Issue 3 (the VA's error - not the MSPB's), was waived because it was not raised to the MSPB. The Agency argues that Issue 6 was waived because it was not raised to the district court.

issues were not waived. With that, we will begin with Issue 1, and then discuss waiver and the remaining issues.

## I.    Issue 1: MSPB failure to review the "entire decision"

The Federal Circuit's holding in *Sayers* is very clear: the statute "requires the Board to review the adverse action decision <u>in full</u>." *Sayers v. VA*, 954 F. 3d 1370, 1375 (Fed. Cir. 2020) (emphasis added). That means all counts, all specifications, all penalties. *Id.* The Agency does not argue that *Sayers* is incorrectly decided. It does not challenge the rationale or statutory interpretation in *Sayers*. In fact, it does not cite *Sayers* at all.

Instead, the Agency's sole argument is that this Court should "not presume that an AJ did not consider an issue because it did not expressly address that issue" or "mention terminology" or "use magic words." Red Br. at 22.

But we are not trying to interpret silence here. The AJ was anything but silent. He stated that he would not consider any evidence about Charges 1 or 2 or the penalty. He did this in rulings at the hearing excluding all such evidence from the record on review.  ROA.615, Part 4 at 26:51, Part 5, 11:54-13:00, 18:57, 22:25, 27:10. He did it in his written opinion. ROA.552. There is no reason to disbelieve him.

In fact, since all evidence on Charges 1, 2 and the penalty was excluded from the record, "substantial evidence" review is actually impossible. Indeed, in its brief the Agency has no choice but to cite documents which were not introduced in the hearing before the MSPB, just to explain what was happening in Charges 1 and 2.[3] These documents are not in the MSPB record and cannot have been considered by the AJ.

Next, the Agency repeats a very basic mistake made by the district court. The district court noted that the AJ found that Charge 3 was serious misconduct. From this it mistakenly concluded that this must mean the AJ also found it sufficiently serious misconduct to support the penalty. But *Sayers* makes clear that these are two very different questions. *Sayers*, *supra* (discussing the example of the theft of a paper clip). The AJ was explicit that he was only doing the former, and that he believed he lacked power to do the latter. *Sayers* is inescapable.

To reiterate, there is no waiver argument here. This legal issue is squarely before this Court. The Agency does not dispute the holding of *Sayers*. And its direct applicability to this case is beyond any reasonable dispute. On this basis alone the decision must be vacated.

---

[3] *See, e.g.*, Red Br. at 4 (citing ROA.512-513); at 5 (citing ROA.517); at 6 (citing ROA.519, ROA.522-523); at 7 (citing ROA.535, ROA.539).

## II.    Waiver concerning Issue 2 and (part of) 3

The Agency's waiver arguments should be rejected for three reasons: First, the Agency's waiver arguments were themselves waived before the District Court; Second, given the context, the Court should not consider Strickland's arguments waived; and Third, regardless, the Court has broad discretion to consider these pure legal issues.

### A. The Agency's waiver arguments were not preserved for appeal.

"[W]aiver can itself be waived by not being raised." *Garlington v. O'Leary*,  879 F. 2d 277, 282 (7th Cir. 1989). Here, the Agency has failed to preserve for review its waiver defenses concerning Issues 2 and 3.

Before the district court, the Agency made a different argument than it does here. The Agency argued waiver but only because Strickland "failed to raise this alleged error in her complaint" in district court. ROA.1303 (emphasis added).[4] The Agency did not argue that the issue had been waived because it was not raised to the MSPB. The Agency had every opportunity to make this "MSPB waiver" argument to the district court, and never did.[5]

---

[4] This original argument has now been abandoned, as it does not appear in the red brief.

[5] On another issue not relevant here, the Agency argued waiver because it was "not raised to the MSPB." ROA.623, ROA.626 ("The only action Strickland challenged before

Nonetheless, even assuming the Agency had raised MSPB waiver, the district court certainly did not rule on the waiver argument. And this Court typically does not rule on an alternative argument that the district court did not address. *Tercero v. Tex. Southmost College Dist*, 989 F.3d 291, 298 (5th Cir. 2021).

In short, the Agency's waiver arguments concerning Issues 2 and 3 are not properly before this Court for decision.

### B. The Agency's argument for waiver should be rejected

Alternatively, as this Court has noted, "an argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *La Union del Pueblo Entero v. Abbott*, 29 F. 4th 299, n.2 (5th Cir. 2022). This principle applies with far greater force to waiver at MSPB proceedings. An MSPB appeal often lacks any legal briefing at all. It is initiated with a short form that does not usually include detailed legal argument or citations, and the scope of issues raised thereby is "liberally construed" under MSPB law. ROA.587; *see In re Frazier*, 1 MSPR 163, 192 (1979); *Melnick v. DHUD*, 42 MSPR 93, 97-98 (1989). The AJ in this case did not allow any argument or legal briefing. *See*

---

the MSPB was her suspension. Strickland has waived any discrimination claim based on any other action.") It chose not to make this argument on Issues 2 and 3. ROA.1303.

*Ford v. Dept. of Navy*, 43 MSPR 495, 500 (1990). With this context in mind, it would be a mistake to expect case citations and lengthy legal arguments from the parties.

Concerning Issues 2 and 3, before the MSPB the parties cited the VA statute which is the predicate for these arguments, and attached the VA's decision containing the errors. Strickland filed a *pro se* appeal document stating that "the Agency engaged in harmful procedural errors" and noting that the facts did not support any finding of misconduct. Her later-retained counsel filed a prehearing statement saying the same. At the hearing itself, counsel for Strickland asked to present argument and was denied, nor were legal briefs permitted. This was because, even before anything was presented to the MSPB AJ, the AJ had already decided that he lacked the power to consider Issues 2 and 3, stating "I am prohibited by statute" from addressing those issues. ROA.522; *See also* ROA.615, Part 4 at 26:51, Part 5, 11:54-13:00, 18:57, 22:25, 27:10. He called any contrary argument "frivolous" and cut off counsel. Given the tenor of things, a contempt citation would have been likely had the proceedings continued much further. In short, counsel repeatedly pushed back against the AJ's misinterpretation of the statute, and the AJ steadfastly refused to hear

6

either evidence or legal argument otherwise. This should be sufficient to avoid waiver in the context of the MSPB hearing.

At district court, Issues 2 and 3 were briefed, argued and decided. As the district court held: "Moreover, this court, on October 22, 2021, conducted a hearing on the Defendant's 'Motion to Dismiss and For Summary Judgment,' during which the parties presented oral arguments and had an opportunity to address the rulings in the *Connor* and *Rodriguez* cases." ROA.1493 (District Court Order). *Rodriguez* is Issue 2. *Connor* is Issue 3.[6] These issues are properly before this Court for review.

### C. Waiver of pure legal issues is discretionary

In this Court, "a well-settled discretionary exception to the waiver rule exists where a disputed issue concerns a pure question of law." *Ekhlassi v. Nat. Lloyds Ins. Co.*, 926 F. 3d 130, 138 (5th Cir. 2019) (quotations and citations omitted). As discussed below, these are very clear errors of law. Their effect was to deprive Strickland of any meaningful review of the Agency's action, in direct contravention of a federal

---

[6] In passing, the Agency suggests that Issue 2 was not raised in the district court, citing the initial brief opposing summary judgment. Red Br. at 20. This ignores the supplemental briefing and oral argument on the issue, and the District Court's explicit ruling that it had heard adequate argument on Issue 2 and *Rodriguez* to decide on the merits.

whistleblower protection statute requiring such review. Even if waiver were otherwise justified, this Court can and should exercise its discretion to consider the issues and correct the legal errors in this case.

With that the discussion turns to the merits of Issue 2.

### III.    Issue 2: The "preponderance of the evidence" standard

On Issue 2 the Federal Circuit's holding is inescapable: "'[S]ubstantial evidence may not be used as the standard of proof in disciplinary actions under section 714.'" *Bryant v. VA*, 26 F. 4th 1344, 1347 (Fed. Cir. 2022) (quoting *Rodriguez v. VA*, 8 F.4th 1290, 1303 (Fed. Cir. 2021)).

Yet that is exactly what happened here. The VA deciding official's finding was "that Charges I, II, and III, as stated in the notice of proposed removal were supported by substantial evidence." ROA.1125 (emphasis added). This is the wrong legal standard. The remedy is reversal and remand all the way back to the VA. *Bryant*, 26 F. 4th at 1347.

Again, the Agency does not argue *Bryant* and *Rodriguez* are wrong. It does not even cite them. In fact, the Agency presents no argument whatsoever on the merits of this issue. Its sole defense is waiver, which, as just discussed, should be rejected.

## IV.    Issue 3: The *Douglas* factors

The law "require[s] the VA and the Board to apply the *Douglas* factors to the selection and review of penalties in VA disciplinary actions.'" *Bryant*, 26 F. 4th at 1347 (quoting *Connor v. VA*, 8 F.4th 1319, 1326 (Fed. Cir. 2021)); *Brenner v. VA*, 990 F. 3d 1313, 1323 (Fed. Cir. 2021). The VA and MSPB did not consider or apply the *Douglas* factors.

Again, the Agency does not dispute that *Bryant, Connor* and *Brenner* correctly state the law. Indeed, the Agency cites no law at all on this issue. Instead, the Agency simply asserts that Strickland "cannot establish that the VA deciding official did not consider the Douglas factors." Red Br. 23.

All that is required here is to read *Connor*, then read Mr. Galvin's decision. Plainly, Mr. Galvin does not do what *Connor* contemplates. Meanwhile, the AJ expressly disavowed considering the reasonableness of the penalty at all and would hear no evidence on it. Remand is required.

## V.    Issue 4: The untimely decision.

There is no dispute that the VA missed a mandatory time limit, and that such time limits result in dismissal when the employee misses them. *See Page v. Merit Systems Protection Board*, No. 2020-1329, (Fed. Cir., November 6, 2020). However, the Agency argues that Strickland must

show "prejudice" or else it is "harmless error," discussing a case involving another statute with different language.

First, the Agency under *Page* does not have to show it is "prejudiced" if the employee provides something two days late. They are late and that's the end of it. That should not change just because the shoe is on the other foot. If the Agency does not have to show prejudice to enforce a deadline, neither should the employee. This is equal justice.

Second, the *Diaz* statute is distinguishable. The statute stated only that the decision "shall be made within 30 days." *Diaz v. Department of Air Force*, 63 F. 3d 1107 (Fed. Cir. 1995) (quoting  5 U.S.C. § 4303(c)(1)). As Garner has forcefully put it, the word "shall" is "slippery" and "has as many as eight senses," including a permissive sense. Dictionary of Modern Legal Usage, 2d. Ed. ("Words of Authority (A) 'Shall'").

Here, by contrast, the VA statute is written as a clear prohibition - a negative, rather than positive, statement. The decision is to be issued "<u>not later</u> than 15 business days." 38 U.S.C. 714(c)(2). There is no slippery language here: it is breaking the law to issue the decision "later than 15 business days."

## VI.    <u>Issue 5: Due process</u>

Concerning due process, there are two key facts. The first is that Agency HR Robert Kampen deliberately withheld Strickland's written opposition from the deciding official, Jack Galvin. Galvin therefore made his decision without the benefit of Strickland's views and evidence. This is a classic violation of due process. The Agency's brief does not even acknowledge that this occurred. It instead blames Strickland for sending the response to "the wrong deciding official." Red Br. at 25.

But the proposed removal does not provide an email or mailing address to send the opposition to. It states the reply "must be submitted to Executive Director, End User Operations, OIT, IT Operations and Services (ITOPS)" without specifying who this is or how to send it to him. ROA.603. Instead, it states "If you have any questions or do not understand . . . contact [Robert Wolak] or Robert Kampen at . . . [phone number]."

In response, Strickland sent her reply again, and it was passed along to Kampen. Of course, Kampen already had another copy of it as well, since Strickland had provided it to him before the proposal was reissued. ROA.1269. Kampen deliberately withheld it from Galvin, and the

consequence was that Galvin never even knew that Strickland opposed the discipline, nor did he review any of her exculpatory evidence and argument.

Second, *Givens* and *Clark* state that it violates due process for a federal employee to be expected to oppose discipline while she is on medical leave.[7] Yet that is exactly what happened here. Again, the Agency does not dispute, distinguish, or even cite *Givens* and *Clark*.

The due process violation is established.

## VII.   Issue 6: The affirmative defense

The waiver issue concerning Issue 6 is distinct from the others. There is no dispute that this was adequately raised to the MSPB. The Agency instead argues it was not adequately raised to the district court. On a fresh review of the briefs, it does appear that there is some confusion in the briefs as to whether the arguments about disability discrimination and retaliation are only pertinent to the *de novo* trial, or instead also reflect legal error by the AJ. *See* ROA.1277 et seq. In this context, however, the argument should not be considered waived, since the errors of the disability analysis are spelled out in the brief and addressed (albeit erroneously) by the district court.

---

[7] *Givens v. USPS*, 49 MSPR 374, 377-379 (1991); *Clark v. USPS*, 85 MSPR 162, 165-168 (2000)

On the merits, the Agency's argument can be boiled down to the *ipse dixit*: "the recording of the hearing shows differently." Red Br. at 26. Of course, the blue brief quotes specifically and extensively from that recording, demonstrating that the AJ refused to allow any evidence relevant to the affirmative defense. Any more forceful efforts to introduce evidence would likely have been met with contempt citations. The Agency fails to point out anywhere that the recording "shows differently" than the blue brief asserts.

## CONCLUSION

Appellant requests that the decision of the District Court be vacated

and the matter remanded with instructions to send it back to the MSPB and

VA for further proceedings consistent with the law outlined above.

Respectfully submitted,

<u>/s/ Joel F. Dillard</u>
Joel F. Dillard
Joel F. Dillard, P.A.
775 N. Congress St.
Jackson MS 39202
(601) 509-1372, Ext. 2

*Counsel for Deborah Strickland*

**CERTIFICATE OF SERVICE**

I certify that, on August 25, 2023, I filed an electronic copy of this document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system and that service will be accomplished by the appellate CM/ECF system on all counsel of record.

/s/Joel F. Dillard
Joel Dillard

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,889 words, as determined by the word-count function of Google Docs, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Google Docs in 14-point Georgia font.

/s/Joel F. Dillard
Joel Dillard

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I certify that I have made the required privacy redactions to this document which I filed using the Fifth Circuit CM/ECF system. I further certify that the electronic submission is an exact copy of the paper document. Finally, I certify that I have scanned the document for viruses with the most recent version of a commercial virus scanning program and that the program is free of viruses.

/s/Joel F. Dillard
Joel Dillard